UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON ROBOTIC HAIR RESTORATION, PLLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VENUS CONCEPT, INC.,<br><br>Defendant. | Case No. 21-cv-07933-JST<br><br>**ORDER GRANTING MOTION TO TEMPORARILY LIFT STAY AND FOR INTERIM RELIEF**<br><br>Re: ECF No. 43 |

Before the Court is Plaintiff Boston Robotic Hair Restoration, PLLC's ("Boston Robotic") motion to temporarily lift the stay and for interim relief. ECF No. 43. The Court will grant the motion.

I.  **BACKGROUND**

   A.  **Factual Background**

Defendant Venus Concept, Inc. markets and sells the ARTAS iX, a robotic device designed to assist physicians with follicular unit extraction surgery, a time- and labor-intensive hair transplant procedure. ECF No. 1 ¶¶ 1, 2. The ARTAS iX "promised to perform all three steps of [the procedure:] graft harvesting, recipient site making, and now, implantation." *Id.* ¶ 4 (emphasis omitted). Venus advertised the implantation functionality of the ARTAS iX across its marketing campaign for the product. *Id.* ¶ 5. Plaintiffs Boston Robotic and Melissa R. Schneider, M.D., P.C. ("Schneider") relied on Venus's representations about robotic implantation in choosing to purchase the ARTAS iX for their medical practices. *Id.* ¶ 48. Plaintiffs' putative class action complaint, filed in October 2021, alleged that the ARTAS iX failed to perform as promised, because the ARTAS iX cannot actually perform implantation. Plaintiffs' complaint included nine claims, including fraud, negligence, breach of contract, and unjust enrichment. *See id.*

1     Venus moved to compel arbitration on December 15, 2021.  ECF No. 22.  In that motion,

2 Venus argued that the arbitration provision at issue was valid, enforceable, and not

3 unconscionable.  In addition, Venus argued that the arbitration clause delegated threshold issues of

4 arbitrability to the arbitrator.  *Id.* at 20–21.  On January 31, 2022, Plaintiffs filed a motion for

5 leave to conduct discovery into the existence of an agreement to arbitrate and whether any such

6 agreement was unconscionable prior to opposing the motion.  ECF No. 26.  The Court granted

7 Plaintiffs' motion for leave to conduct limited discovery solely on the issue of unconscionability.

8 ECF No. 35.

9     Subsequently, on October 7, 2022, Plaintiffs filed their opposition to Venus's motion to

10 compel arbitration.  While Plaintiffs argued that the "Terms and Conditions document" that

11 included the arbitration provision "was not incorporated into the Purchase Agreements," Plaintiffs

12 did not dispute that the arbitration agreement delegated the question of arbitrability to the

13 arbitrator.  ECF No. 39.    On March 30, 2023, the Court granted Venus's motion to compel

14 arbitration; it found that the arbitration provision was incorporated by reference into the Purchase

15 Agreement and noted that "Plaintiffs raise[d] no other contract defenses."  ECF No. 42 at 10.  The

16 case was stayed pending the completion of arbitration.  *Id.*

17    **B.    Present Dispute**

18    Boston Robotic filed its demand for arbitration with JAMS on or about May 3, 2023.  ECF

19 No. 44-1 at 4.  The Honorable Robert A. Baines (Ret.) was appointed as the arbitrator on or about

20 October 12, 2023.  *Id.*

21    Boston Robotic alleged the same nine counts in arbitration as it did in its original

22 complaint.  *Id.*  The parties do not dispute that, on December 18, 2023, the parties engaged in an

23 initial arbitration management conference.  ECF No. 44-1 at 2.  Subsequently, Venus requested

24 and was granted leave to file a motion to dismiss.  ECF No. 44-1 at 4.  "On February 6, 2024,

25 during oral argument on [Venus's] Motion to Dismiss, [Venus's] counsel raised, for the first time,

26 a new response to [Boston Robotic's] contention that certain provisions in the parties' arbitration

27 agreement were unconscionable and thus unenforceable."  ECF No. 44-2 at 2.  Effectively, Venus

28 argued that when Boston Robotic opposed Venus's motion to compel arbitration in federal court,

2

it raised only contract-formation arguments—*i.e.*, it had not argued the unconscionability of any of the provisions in the arbitration agreement. *Id.* Accordingly, Venus contends that Boston Robotic has waived its unconscionability arguments and cannot raise them for the first time in arbitration. ECF No. 49 at 12–14. Boston Robotic, however, argues that because their agreement undisputedly delegated questions of arbitrability to the arbitrator, "any argument made by Boston Robotic in response to the motion to compel arbitration (other than contract formation) would have had to have been 'specific to the delegation provision.'" ECF No. 50 at 4 (quoting *Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015)).

Judge Baines ordered additional briefing on the issues of "(1) whether [Boston Robotic] had waived any of its challenges to the arbitration agreement by not making them in the federal court, and (2) whether [Venus] had waived its right to make that waiver argument by not including it in its reply papers for the pending motion." ECF No. 44-2 at 3.

After reviewing the papers, Judge Baines concluded that, "irrespective of the merits of [Boston Robotic's] attacks on these provisions, he lacks the jurisdiction to entertain and rule on those challenges." ECF No. 44-3 at 5. He continued:

> Here, neither side disputed that the federal court had the jurisdiction to make the threshold "arbitrability" decisions. Neither side argued that these decisions had been delegated by the arbitration agreement to an arbitrator and thus the court lacked the power to make those determinations. Rather, both sides made their arguments to the court regarding the existence and validity of an arbitration agreement. And, because the court's authority to decide those issues was not questioned by either party, there was no discussion in the Order Compelling Arbitration regarding the judge's jurisdiction to rule on threshold "contract validity" issues. The court simply noted that "[t]he arbitrability of a particular dispute is a threshold issue to be decided by the courts," (citing to *Nagrampa v. MailCoups*, 469 F.3d 1257, 1269 (9th Cir. 2006) Order: 3:17-18) and proceeded to decide whether a valid agreement to arbitrate existed here.
>
> As noted above, when determining the existence and validity of a purported arbitration agreement, the court and the parties look to state contract law. Accordingly, Boston argued, under California contract law, that there was no valid arbitration agreement here because the parties had not incorporated the arbitration agreement into the one contract they had signed, the Purchase Agreement. Respondent argued that the Terms and Conditions, which contained the agreement to arbitrate, had been properly incorporated into the Purchase Agreement and that the terms of that arbitration agreement were not unconscionable under California law.

3

> Among the state law challenges available to Boston was the argument that some or all of the provisions of the arbitration agreement were unconscionable. Both sides clearly were aware of the availability of that contract defense. Indeed, Venus had anticipated that Boston would attack the arbitration agreement as being unconscionable, and had argued at some length in its motion papers that the agreement here was not unconscionable. [Venus' Moving papers at pp. 8 - 11] And, before responding to Venus' motion to compel, Boston asked the federal court for leave to conduct discovery, including on possible unconscionability defenses. In its "Motion for Leave to Conduct Limited Discovery," Boston reported to the court that "[Boston] can assert unconscionability as a defense to arbitration," and argued that "[substantive unconscionability] can be shown by pointing to aspects of the required arbitration that create 'overly harsh or one-sided results'." [Motion, at 2:24 to 3:1, including fn. 2]. In making these arguments, Boston referred to California Civil Code § 1670.5, which provides for non-enforcement of a contract if a court finds "the contract or any clause thereof *may* be unconscionable." [italics added]
>
> In short, Claimant clearly knew that, among the contract defenses available to it when opposing the motion to compel arbitration, was that the arbitration agreement, or any portion thereof, was unconscionable. Ultimately, Boston chose not to make any unconscionability arguments in its opposition to Respondent's motion to compel. As a result, Venus, in its reply, pointed out the absence of any such arguments from Boston: "Nor do Plaintiffs respond to Venus Concept's argument that unconscionability is lacking." (Reply: 7:4-5.) And, when ruling on the validity of the arbitration agreement, the federal court acknowledged that Boston had tendered no contract defenses other than its "no incorporation" defense: "[Boston] raises no other contract defenses." (Order at 10:8.)
>
> After the federal court found that a valid arbitration agreement existed, it then ordered the remaining arbitrability issue (whether Boston's claims fell within the ambit of the arbitration agreement) to the arbitrator: "Accordingly, the Court finds that a valid agreement to arbitrate exists. Because the parties do not dispute that the arbitration provision *delegates the decision of the arbitrability of the dispute to the arbitrator*, the Court will direct the parties to arbitration." (Order Granting Motion to Compel Arbitration: 10:9-11; italics added)
>
> In sum, the parties clearly submitted to federal court jurisdiction over the initial arbitrability decisions, including whether any or all of the provisions in the arbitration agreement were unconscionable. If Claimant thought that the initial arbitrability determinations had been delegated to the arbitrator, then Claimant should have challenged the federal court's jurisdiction to rule on these matters. It did not do so.

ECF No. 44-3 at 6–7. Following Judge Baines' order, Boston Robotic filed the present motion. It argues that "given the arbitrator's determination that he lacks jurisdiction to decide whether the disputed contractual provisions are enforceable, this Court should do so (and should find they are not enforceable under well-established California law). Alternatively, this Court should clarify for

4

the arbitrator that he does have jurisdiction to resolve the parties' dispute over the aforementioned contractual provisions and instruct him to do so. Either way, an authoritative determination of the enforceability of the disputed contractual provisions is needed, and Boston Robotics respectfully requests that this Court decide who should decide." ECF No. 43 at 7.

## II.  JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

## III.  LEGAL STANDARD

"The arbitrability of a particular dispute is a threshold issue to be decided by the courts." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1268 (9th Cir. 2006). The Federal Arbitration Act ("FAA") states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This provision reflects both a 'liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract.'" *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564 (9th Cir. 2014) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). On a motion to compel arbitration, the Court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the court determines that the arbitration agreement is valid and 'encompasses the dispute at issue,' the Act requires the district court to enforce the agreement by ordering the parties to arbitrate their dispute." *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015). "[W]hen a dispute is subject to arbitration, the court 'shall on application of the parties stay the trial of the action until the arbitration' has concluded." *Smith v. Spizzirri*, 601 U.S. 472, 473–74 (2024) (quoting 9 U.S.C. § 3).

## IV.  DISCUSSION

Boston Robotic argues that because this Court "previously ruled . . . the parties here entered into a valid arbitration agreement and delegated arbitrability decisions to the arbitrator" and the "arbitrator, Judge Baines, determined that he lacks jurisdiction to decide that issue," "this Court should respect Judge Baines's determination that the parties' dispute over the Disputed

Contractual Provisions is not arbitrable and should resolve that dispute itself" or, in the alternative, clarify that Judge Baines has jurisdiction to resolve the parties' dispute over the enforceability to those provisions. ECF No. 43 at 10.

Once the Court "determines that the arbitration agreement is valid and encompasses the dispute at issue, the Act requires the district court to enforce the agreement by ordering the parties to arbitrate their dispute. The district court's involvement ordinarily stops at that point." *In re Sussex*, 781 F.3d at 1071 (internal quotation marks and citations omitted). District courts, however, have found that despite a stay they may clarify their prior orders compelling arbitration. *See, e.g.*, *Farfan v. SSC Carmichael Operating Co. LP*, No. 18-cv-01472-HSG, 2019 WL 690289, at *1 (N.D. Cal. Feb. 19, 2019), *on reconsideration*, No. 18-cv-01472-HSG, 2019 WL 4933577 (N.D. Cal. Oct. 7, 2019); *Birts v. Vermillion*, No. 4:08-cv-04011, 2012 WL 12831303, at *3–5 (W.D. Ark. Jan. 13, 2012); *Howard v. Stanley*, No. 06-cv-005-JPG, 2008 WL 111296, at *1 (S.D. Ill. Jan. 10, 2008). The Court finds such an order is appropriate here.[1]

As this Court noted "[o]n a motion to compel arbitration, the Court's role under the FAA is 'limited to determining (1) whether a valid agreement exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" ECF No. 42 at 3 (quoting *Chiron Corp.*, 207 F.3d at 1130). Courts presumptively decide gateway questions of arbitrability, such as "whether the parties have submitted a particular dispute to arbitration" and "whether the parties are bound by a given clause." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–84 (2002). Parties, however, may agree to delegate these "'gateway' questions of 'arbitrability.'" *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). Such a delegation clause will be given effect so long as (1) the parties have "clearly and unmistakably" manifested their intent to delegate arbitrability, and (2) the delegation clause is not otherwise unenforceable because of "some other generally applicable contract defense, such as fraud, duress, or unconscionability." *Mohamed v. Uber*

---

[1] The Court agrees with Venus that it does not have authority to grant any relief under 9 U.S.C. § 10(a)(4) because an award has not yet been made. *See Sussex*, 781 F.3d at 1072 ("After the arbitration award, the parties may petition the court to affirm, or to vacate, modify or correct it.") (citations omitted). In addition, because the parties agreed to have threshold arbitrability issues decided by the arbitrator, the Court finds it most appropriate to clarify its earlier order.

*Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016). When such a clause exists, a party may challenge in district court whether an agreement to arbitrate was formed, *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 635 (9th Cir. 2021), but "may only challenge as unconscionable the delegation provision because questions regarding the unconscionability of the arbitration provision as a whole are reserved for the arbitrator." *Ortiz v. Volt Mgmt. Corp.*, No. 16-cv-07096-YGR, 2017 WL 1957072, at *3 n.3 (N.D. Cal. May 11, 2017).

Here, in its motion to compel arbitration, Venus argued that the parties had a valid and enforceable arbitration agreement, and that the arbitration agreement delegated gateway issues of arbitrability to the arbitrator. ECF No. ECF No. 22 at 20 ("Under the parties' Arbitration Agreement, the issue of arbitrability is for the arbitrator to decide. The FAA allows parties to agree that an arbitrator will resolve the gateway question of arbitrability."). In opposing the motion to compel arbitration, Boston Robotic did not dispute that the arbitration agreement delegated gateway issues of arbitrability to the arbitrator. *See* ECF No. 39. Instead, it argued that it was not bound by the arbitration agreement because it had not been incorporated by reference into the purchase agreement it signed. *Id.* at 13–18; *see Ahlstrom*, 21 F.4th at 635 (contract formation issues are to be decided by the court and cannot be delegated to the arbitrator). The Court ultimately determined that the Terms and Conditions document containing the arbitration clause was properly incorporated by reference into the Purchase Agreement under California law. ECF No. 42 at 10. Accordingly, the Court found the dispute was subject to arbitration. *Id.* Because the parties did "not dispute that the arbitration provision delegates the decision of the arbitrability of the dispute to the arbitrator, the Court" directed the parties to arbitration. *Id.* To clarify, because the parties agreed the arbitration clause delegated gateway questions of arbitrability to the arbitrator, once this Court found that agreement to arbitrate valid, it referred all arbitrability disputes to the arbitrator, including whether the contractual statute of limitations and limitations on attorneys' fees and punitive damages clauses were unconscionable. *See Bazine v. Kelly Servs. Glob., LLC*, No. 22-cv-07170-BLF, 2023 WL 4138252, at *6 (N.D. Cal. June 21, 2023) ("[W]here arbitrability has been delegated to the arbitrator, any challenge to the arbitration agreement based on unconscionability is for the arbitrator to address, unless the unconscionability

7

challenge is directed specifically to the delegation provision."). Because of the delegation clause, Boston Robotic is correct that it could not have challenged the unconscionability of these clauses to this Court and properly raised them for the first time in arbitration. *See Ortiz,* 2017 WL 1957072, at *3 n.3 ("where the parties have delegated arbitrability to the arbitrator, a plaintiff may only challenge as unconscionable the delegation provision because questions regarding the unconscionability of the arbitration provision as a whole are reserved for the arbitrator.").

## CONCLUSION

For the foregoing reasons Boston Robotic's motion to temporarily lift the stay and for interim relief is granted. The Court clarifies that its prior order referred gateway issues of arbitrability to the arbitrator. Accordingly, the arbitrator has jurisdiction to consider whether any provisions (aside from the delegation provision) of the arbitration agreement are unconscionable.

**IT IS SO ORDERED.**

Dated: November 20, 2024

_____
JON S. TIGAR
United States District Judge